STATE OF MINNESOTA ex rel. H. W. CHILDS, Attorney General, v.
WALTER W. ROUTH.[1]

May 27, 1895.

Nos. 9564—(340).

**Term of Health Officer—Repeal of General Law by Duluth Charter.**
*Held,* that so much of the general law relating to local boards of health
(G. S. 1894, § 7048) as fixes the health officer's term at three years was
repealed as to the city of Duluth by its charter (Sp. Laws 1887, c. 2), and
that, since such charter was amended by Sp. Laws 1891, c. 55, § 6, the
term of office of the health officer of the city of Duluth has been, and
now is, one year only.

Proceeding in the nature of a writ of quo warranto on the relation
of H. W. Childs, attorney general, against Walter W. Routh, re-
quiring him to show by what authority he held and exercised the
office of health officer of the City of Duluth.    To an answer inter-
posed by respondent relator demurred.    Demurrer overruled and
writ discharged.

*H. W. Childs,* Attorney General, and *H. F. Greene,* for relator.
*Page Morris* and *Charles C. Tear,* for respondent.

START, C. J.    On the first Monday of April, 1893, William G.
Goffe, a practicing physician, was duly appointed health officer of
the city of Duluth.    He accepted the office, and continued to dis-
charge the duties thereof until March 10, 1895, when the respond-
ent, Walter W. Routh, who was also a practicing physician, was, as
he claims, duly appointed such health officer by a majority vote of
all of the members of the common council of such city, by virtue of
the provisions of Sp. Laws 1887, c. 2, as amended by Sp. Laws
1891, c. 55, and the health ordinance of the city, approved February
25, 1895.    The respondent thereafter, by virtue of his alleged ap-
pointment, qualified, and entered upon the duties of the office, and
took possession thereof and of its records, with the approval of the
city government of the city of Duluth, and now holds possession of
such office.    The relator claims that such election and appointment
of the respondent was a nullity, because the ordinance under which

[1] Reported in 63 N. W. 621.

the appointment was made is void, and in conflict with G. S. 1894, § 7048, fixing the term of the health officers of the state at three years. Thereupon, on the relation of the attorney general, the writ in this case was issued, requiring the respondent to show by what authority he holds and exercises the powers and duties of such office. To the answer and return of the respondent to such writ the relator demurred.

Was the term of the health officer of the city of Duluth at the time the respondent was appointed one year or three years? This is the only question presented by the demurrer, for, if the term was for one year, the respondent was legally appointed, and is entitled to hold the office; but, if the term was for three years, he was not, and is an intruder into the office, because in such case the term of Dr. Goffe had not then expired. The term was for three years, unless so much of the general statute relating to local boards of health as fixes the term of the health officers at three years has been repealed as to the city of Duluth by subsequent local legislation. The question is to be solved by an examination of such local legislation; to ascertain whether or not it has effected, as to such city, a repeal, by necessary implication, of so much of G. S. 1894, § 7048, as fixes the term.

The rules for interpreting a special statute for the purpose of deciding whether it repeals by implication a previous general law are well settled. The presumption is not to be lightly indulged that the legislature has repealed by implication, as respects a particular municipality, laws of a general nature elsewhere in force throughout the state; yet a charter or special law, passed subsequent to a general law and plainly irreconcilable with it, will, to the extent of the conflict, operate as a repeal of the latter by implication. Such repeals are not favored by law, and the rule should be applied with caution. State v. Archibald, 43 Minn. 328, 45 N. W. 606; 1 Dillon, Mun. Corp. § 88. But when a general intention is expressed, and also a particular one, which is inconsistent with the general one, the particular intention will be considered an exception to the general one; that is, where a special law which applies to a limited district,—as a city,—conflicts with a previous general law, the latter yields to the former. Tierney v. Dodge, 9 Minn. 153 (166); Sutherland, St. Const. §§ 158, 159; 23 Am. & Eng. Enc. Law, 479.

Now, giving full effect to these rules, let us examine the general and special legislation in reference to the particular matter under consideration. The general law (G. S. 1894, § 7048) has been in force since 1885, and it then provided, among other matters: "That all villages, boroughs, and cities shall have a board of health, to be chosen and to consist of the number hereinafter provided, anything in the charter of any such village, borough, or city to the contrary notwithstanding. Such boards shall, within their respective towns, villages, boroughs, and cities, have and exercise all of the powers necessary for preservation of the public health; * * * and shall consist of not less than three members, one of whom shall be a physician, and such physician shall be health-officer, and executive of the board." It further provided that such board should be elected by the common council of the village or city, and, as we assume for the purposes of this case, fixed the term of the members thereof at three years, and made it the duty of the health officer to perform and superintend the work prescribed in the act, and to perform such other duties as the board might require. At this time (1885), a part of what is now the city of Duluth was the village of Duluth (Sp. Laws 1881, c. 11). The charter of the village contained no provision as to a health officer. The common council was, however, authorized to establish and regulate boards of health, and do all acts and make all regulations necessary or expedient for the preservation of health, the suppression of disease, and the prevention of the introduction of contagious diseases into the village. Sp. Laws 1881, c. 11, subc. 5, § 1. While this charter of the village of Duluth and the general law were both in force, and on February 27, 1885, its common council passed a health ordinance, establishing a board of health, consisting of three citizens, one of whom was to be a practicing physician, to be known as "health officer," two aldermen ex officio, the village surveyor and recorder, and fixing the term of the health officer at three years.

In the year 1887 the city of Duluth was incorporated, embracing within its limits all of the territory formerly included within the village. Sp. Laws 1887, c. 2. All of the ordinances in force in the village at the time this city charter went into effect which were not inconsistent therewith were by it continued in full force and effect until repealed by the common council, and all acts and parts

of acts inconsistent with the charter were repealed.    Sp. Laws 1887, c. 2, subc. 12, §§ 1, 17.   The city charter gave to the common council practically the same powers, and imposed upon it the same duties, as to establishing and regulating boards of health, as was given to the village council.  It further provided: "The common council shall elect a health officer who shall be a practicing physician. Such officer shall be the executive officer of the board of health of the city of Duluth; and as such executive officer it shall be his duty within the city of Duluth, to enforce all the laws of the state of Minnesota, and the ordinances and health regulations of the city of Duluth, relating to health,  *  *  *  and may appoint such assistants in such manner as prescribed by the health ordinance of the city of Duluth, except that the city clerk and city engineer shall be ex officio members of such board, and the ordinance of the village of Duluth entitled 'Health Ordinance,' is hereby declared to be in full force and effect."   Sp. Laws 1887, c. 2, subc. 3, § 5.   This city charter divides the officers of the city into two general classes, elective and appointive.   "The elective officers  *  *  *  shall be a mayor, a treasurer,  *  *  *  and shall hold office for the term of two years." Sp. Laws 1887, c. 2, subc. 2, § 1.   The health officer is not one of the officers designated as elective.   "There shall be a clerk of said city, who shall be styled the city clerk, who shall be elected by the common council."   Id., subc. 3, § 3.   "The common council shall elect a health officer."   Id., subc. 3, § 5.   "The city clerk, city attorney, and all other appointive officers, except as provided in this act, shall hold their offices for one year.  *  *  *  The appointment of such officers shall be determined by ballot and shall require a majority of the members to elect."   Id., subc. 2, § 2.   It is otherwise provided in this act as to members of the board of public works and fire commissioners and some other appointive officers, whose term is fixed at three years, but the health officer is not one of such officers.

From these provisions of the charter it is clear that the term of office of the elective officers—that is, those who are elected by the electors—is two years, and that the appointive officers—that is, those elected by the common council—is one year, and that the health officer is an appointive officer.

It is not possible, in this respect, to distinguish the health officer

from the city clerk. That the latter is an appointive officer, and his term one year, does not admit of reasonable controversy. The city charter, providing, as it does, for the appointment of a health officer, and limiting his term of office to one year, is, as to the term of office, irreconcilable with the general law which fixes the term at three years; and it therefore repeals, as to the city of Duluth, the general law as to the term of the health officer by implication.

In reaching this conclusion we have not overlooked the proviso (subchapter 3, § 5, of the charter) continuing in force the village health ordinance, which fixed the health officer's term at three years. It is apparent that this village ordinance, so far as it made the health officer's term three years, was inconsistent with the charter, and would not, in this respect, be continued in force by the general saving clause continuing in force all village ordinances not inconsistent with the charter; therefore, to avoid confusion and uncertainty as to whether or not the health ordinance remained in force, this special proviso was added, for without it the ordinance, as to the term at least, would be repealed by the charter, precisely the same as the general law as to the term was repealed by it. After the charter was enacted, the term of the health officer of the city of Duluth continued to be three years solely by virtue of this health ordinance, and not by virtue of the general law, which had been repealed, as to the term, by the charter. This is the necessary and logical conclusion to be drawn from the several provisions of the charter we have referred to.

The section of the charter to which this proviso was a part was amended by Sp. Laws 1891, c. 55, § 6, "so as to read as follows," and from the amendment the proviso was wholly omitted. This omission to re-enact the proviso repealed and extinguished it as to the future as fully as if it had never been enacted, for a statute providing that a previous one shall be amended "so as to read as follows" repeals everything contained in the original statute not re-enacted, and the amended statute is to be construed, as to any action had after the amendment, as if the statute had been originally enacted in the amended form. Sutherland, St. Const. § 133; 23 Am. & Eng. Enc. Law, 488. After the repeal of this proviso, the village ordinance was repealed as to the health officer's term, for it was inconsistent with the charter, and thereafter such term was one

v.61 M.—14

year. As to any action had since this amendment, whereby the proviso was repealed, the charter must be construed as if the proviso continuing in force the village ordinance had never been a part of it.

It follows that the city ordinance of 1895, which fixed the health officer's term at one year, was in accordance with the city charter, and is valid, and that the respondent was legally appointed health officer of the city of Duluth by virtue of its charter and ordinance, and is now such officer.

Demurrer overruled, and writ discharged.

CANTY, J. (dissenting). I cannot concur in the foregoing opinion. It is conceded by the majority that Laws 1885, c. 4 (G. S. 1894, § 7048), has not been repealed, except by implication. It provides that the board of health is "to consist of the number hereinafter provided, * * * and shall consist of not less than three members, one of whom shall be a physician." Soon after the passage of this act, and in entire conformity with it, the village council of the village of Duluth passed an ordinance establishing a board of health, and providing for the same length of term and commencement and ending of term of office of its members as the general law does. Afterwards, in 1887, Duluth obtained a new charter, incorporating it as a city. This charter did not in any manner repeal the provisions of said general law of 1885. On the contrary, it expressly provided for the establishment of a board of health on exactly the same plan as the law of 1885, by declaring said ordinance to be in full force and effect. If, under these circumstances, the law of 1885 is repealed, it is not because the subsequent special legislation is in conflict with it, but because it is in perfect harmony with it; in fact it is plain that this ordinance was originally passed solely for the purpose of carrying out the provisions of the general law of 1885. It seems to me that this is a new rule of repeal by implication.

To sustain its position, the majority cite wholly disconnected and collateral provisions of the charter of 1887, which provide that certain officers elected by the people shall be elected for two years, and that appointive officers shall hold for one year. These are found in Sp. Laws 1887, c. 2, subc. 2. It might be inferred from the opinion of the majority that the words, "the common council shall elect

a health officer," occur in close connection with these provisions, but they do not. There is not a word in this subchapter which can be taken as referring to the health officer or board of health. On the contrary, it is very plain that these provisions do not refer to the health officer at all, as said ordinance, which is continued in force, expressly provides that the health officer shall be elected by the city council for three years, while the appointive officers specified in said subchapter 2 are elected for only one year. This ought to be sufficient reason why the term "other appointive officers," in said subchapter 2, does not include the health officer. While the amendment to the charter in 1891 operated to repeal the ordinance, it did not operate to repeal the state law. The section of the charter, as thus amended, reads as follows: "The common council shall elect a health officer, who shall be a practicing physician. He shall be the executive officer of the board of health of the city of Duluth, and it shall be his duty to see that the laws of the state of Minnesota, the ordinances of the city of Duluth and regulations of the board of health of said city, relating to health and sanitary conditions, are strictly enforced within the limits of said city. He may appoint assistants and inspectors for his department, as provided by the health ordinances of the city of Duluth." Sp. Laws 1891, c. 55, § 6.

This section is in no respect inconsistent with the general law of 1885. In fact, if the charter made no reference to a health officer or board of health, it might well be argued that the intention was to exclude the operation of the general law within the limits of the city of Duluth. It should be remembered that the general law of 1885 is by its own terms auxiliary to all the charters of all the cities, towns, and villages in the state, and is intended to establish a uniform system of police regulations on the matters to which it relates. The indefinite reference to the health officer and board of health now to be found in the charter of Duluth should be construed as affirming the general law; not repealing it.