LEONARD W. RUNDLETT v. CITY OF ST. PAUL.[1]

April 23, 1896.

Nos. 9855—(141).

**Statutes—Repeal.**

A statute revising the subject-matter of a former one, and intended as a substitute for it, operates as a repeal of the prior act to the extent to which its provisions are revised; and a statute providing that a previous one shall be amended "so as to read as follows" repeals everything contained in the original, which is not re-enacted.

**City of St. Paul—Engineer—Salary.**

Rule applied to certain special laws relating to the salary of the city engineer of the city of St. Paul, and *held*, that Sp. Laws 1883, c. 2, § 13, repealed all prior laws giving the common council of such city power to reduce the salary of the city engineer.

**Same—Resolution of Council.**

*Held*, that a certain resolution of such council, purporting to reduce the salary of the city engineer as fixed by law, is void.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the answer. Affirmed.

*E. J. Darragh* and *Robertson Howard*, for appellant.
*Michael & Peebles* and *W. J. Romans*, for respondent.

[1] Reported in 66 N. W. 967.

START, C. J.  This is an action for the recovery of the salary of the plaintiff, as city engineer of the defendant, for the month of July, 1895, at the rate of $5,000 per annum, as fixed by Sp. Laws 1891, c. 9.  The answer alleges that the common council of the city of St. Paul, on June 6, 1895, by resolution, duly fixed the salary of the city engineer from and after July 1, 1895, at $3,500 per annum.  The plaintiff demurred to this answer, and from an order sustaining the demurrer the defendant appealed.

The record presents only one question for our decision.  Did the common council of the city of St. Paul have power to fix the salary of the city engineer as alleged in its answer?  We answer the question, "No."  The council has only such powers as are expressly or by necessary implication granted to it by the legislature; and, if the legislature has absolutely fixed by law the salary of the city engineer, the council has no power to increase or reduce it. Another form of the question then is:  Does the law now in force absolutely fix such salary at $5,000?  An answer to this question involves an examination and consideration of a number of special laws relating to the salary of the city engineer and other city officers.

Sp. Laws 1874, c. 1, subc. 6, § 11, authorized the board of public works to appoint the city engineer, and fix his salary, with the concurrence of the council.  The latter could not fix the salary of the city engineer without the concurrent action of the board. In this respect the salary of the engineer was made an exception to the general power,[2] given by the same chapter, to the council, to fix the compensation, unless otherwise therein provided, of all officers elected or appointed under the act.  As to the salary of the engineer, it was therein otherwise provided.  Sp. Laws 1876, c. 86, § 5, fixed the salary of the engineer at $2,500; but the council was given the express power to reduce it.  This act contains no express repeal, but the legal effect of the act was to repeal so much of the act of 1874 as related to the salary of the engineer, for it takes from the board of public works all power to fix the salary of the engineer, and fixes it at a given sum, with sole power in the council to reduce the amount, but not to increase it.  The

[2] Sp. Laws 1874, c. 1, subc. 3, § 22.

two acts in this respect are inconsistent. The provision of the act of 1876 giving the council power to reduce, but not to increase, the salary of the engineer, was continued and re-enacted in Sp. Laws 1878, c. 216, § 1, and in Sp. Laws 1881, c. 93, § 18.

This last act (section 18) fixed his salary at $2,500, and expressly authorized the council to fix the salary at a lower rate. Section 19 of the act provided that "all acts and parts of acts contravening this act are hereby repealed." After the passage of this act of 1881, it was the only law thereafter in force authorizing the council to reduce the salary of the engineer as fixed by the legislature. The re-enactment in section 18 of the act of 1881 of the provision contained in the prior acts giving the council power to reduce the salary of the engineer was clearly intended as a substitute for the similar provision in the earlier acts, and operated as a repeal thereof; and the case falls within the rule that a statute revising the subject-matter of a former one, and evidently intended as a substitute for it, operates as a repeal of the prior act to the extent to which its provisions are revised and re-enacted. 23 Am. & Eng. Enc. Law, 485; Towle v. Marrett, 3 Greenl. 22, 14 Am. Dec. 210, note.

Sp. Laws 1883, c. 2, § 13, enacts that Sp. Laws 1881, c. 93, § 18, "be, and the same is hereby, amended so as to read as follows: 'Section 18. * * * The salary of the city engineer shall be twenty-five hundred dollars ($2,500) per annum.'" Then follow other city officers named in section 18 of the act of 1881, with the salary of each; but the section wholly omits the proviso of the original section giving the council power to reduce the salaries as fixed by the act. As this section 18 was the only law then in existence giving the council power to reduce the salary of the city engineer as fixed by the act, it follows that section 13 of the act of 1883 repealed the law giving the council such power.

The rule is well settled that a statute providing that a previous one shall be amended "so as to read as follows" repeals everything contained in the original which is not re-enacted; and the amended statute is to be construed, as to any matter after the amendment, as if the statute had been originally enacted in the amended form. Sutherland, St. Const. § 133. It is not claimed by the defendant that any legislative authority has been given to the

64 M.—15

council to reduce the salary of the engineer since the act of 1881. Sp. Laws 1891, c. 9, fixes his salary absolutely at $5,000 per annum, and expressly repeals all inconsistent acts. The resolution passed by the council reducing the plaintiff's salary, pleaded in the answer, is void, because his salary is fixed by law, and all prior laws giving the council power to reduce it have been repealed.

Order affirmed.