STATE ex rel. PATTERSON STREET LIGHTING COMPANY v.
DAVID P. JONES.[1]

April 27, 1906.

Nos. 14,723—(124).

**Award of Municipal Contract.**
    The council of the city of Minneapolis by motion awarded a contract
for lighting the city without submitting the matter to the mayor for his
approval. *Held*, construing certain provisions of the city charter, that the
council can only award a contract for lighting the city by ordinance or
resolution approved by the mayor or passed over his veto.

Appeal by relator from a judgment of the district court for Hennepin
county, entered pursuant to the order of Frederick V. Brown, J.,
discharging an alternative writ of mandamus which directed respond-
ent as mayor of Minneapolis to sign a contract made with relator by
the city council. Affirmed.

*Thomas McDermott* and *Koon, Whelan & Bennett*, for appellant.
*Cohen, Atwater & Shaw*, for respondent.

START, C. J.

The relator herein submitted its bid to the city council of Minne-
apolis for incandescent lighting of the streets of the city during the
year 1906. Its bid was the lowest, and the council committee on gas
by its report recommended that the bid be accepted and that a contract
be executed by the proper officers in accordance with the terms of the
bid. The council by motion adopted the report, but its action was
never submitted to the mayor for his approval. Other than this the
contract was not awarded to the relator. The city attorney prepared a
formal contract between the city and the relator; but when it was
presented to the respondent, as mayor, for his signature, he refused to
execute it because the action of the council in awarding the contract
had not been presented to him for his approval. Thereupon the relator
obtained from the district court of the county of Hennepin an alterna-

[1] Reported in 106 N. W. 963.

tive writ of mandamus directing the respondent, as mayor, to sign the contract on behalf of the city or show cause why he should not do so. The respondent answered, cause tried, and judgment awarded for the respondent, dismissing the alternative writ, from which the relator appealed.

The ultimate question presented by the record is whether the city council of Minneapolis has power to make contracts on behalf of the city, of the character here in question, by motion to that effect without the concurring action of the mayor. If it has such power, then the authentication of such contract by the signature of the mayor is a ministerial act, and the decision of the court was wrong; otherwise, it was right. A solution of the question depends upon a construction of certain provisions of the city charter. They are, so far as here material, these:

1. Chapter 3, § 1: All ordinances and resolutions shall, before they take effect, be presented to the mayor, and if he approve thereof he shall sign the same, and such as he shall not sign he shall return to the city council with his objections thereto, by depositing the same with the city clerk to be presented to the city council at their next meeting thereafter. Upon the return of any ordinance or resolution by the mayor the vote by which the same was passed shall be deemed to have been reconsidered, and the question shall be again put upon the passage of the same, notwithstanding the objections of the mayor, and if upon said vote the city council shall pass the same by a vote of two-thirds of the members of the council, it shall have the same effect as if approved by the mayor.

2. Chapter 4, § 5: The city council shall have full power and authority to make, ordain, publish, enforce, alter, amend or repeal all such ordinances for the government and good order of the city, for the suppression of vice and intemperance * * * to make and establish public pounds, pumps, wells, cisterns, hydrants and reservoirs, and to erect lamps and to provide for lighting of the city, and contract for the erection of gas works for lighting the streets and public grounds and public buildings, and to create, alter and extend lamp districts.

3. Chapter 4, § 9: All ordinances and resolutions of the city council shall be passed by an affirmative vote of the majority of all members of the city council by ayes and nays, which shall be entered on the records of the council.

4. Chapter 4, § 14: The city council shall have the management and control of the finances and all property of the city.

5. Chapter 5, § 11: No appropriation shall be made without a vote of the majority of all members of the city council * * * by ayes and nays and entered among the proceedings of the council.

6. Chapter 4, § 17: If in any case any of the powers granted to said city council to be exercised by ordinances named in section 5 of this chapter, cannot well be exercised by the passage of ordinances, then said city council may exercise any of said powers by means of the passage of resolutions.

7. Chapter 8, § 5: All work done or constructions made of any kind by the said city of Minneapolis may be done by contract awarded in such manner as the city council of said city may deem advisable, or said city council may, in its discretion, direct any such work or construction or any part thereof which it shall deem necessary to be made, to be done by day's work under the direction of the said city council, or any officers of said city whom the said city council may designate. Whenever said city council shall determine to do any of said work or constructions by contract, if the amount of expenditure involved in said contract shall exceed the sum of one hundred dollars, public notice shall be given and proposals invited for the same, in such manner as the said city council shall direct.

It is the contention of the relator that these provisions of the charter authorize the council to award a contract for street lighting in any manner it may deem advisable by ordinance, resolution, bylaw, or motion without the approval of the mayor. It may be conceded, for the purpose of a decision of this appeal only, that as to all administrative and proprietary acts of the council, as distinguished from its legislative acts, the approval of the mayor is not necessary, unless the charter

otherwise provides, and that the council may proceed by motion as to such matters. This brings us directly to the pivotal question: Has the charter otherwise provided as to contracts of the character of the one here in question?

The record shows that such contract was not merely one for doing the work of lighting and extinguishing street lamps, but also included the installing and furnishing of the lamps, burners, globes, equipment, and other appliances for fifty five hundred or more incandescent lamps and the keeping them in order for one year, for which the city was to pay in the aggregate more than $60,000. It is perfectly clear that the provisions of the charter we have quoted, which require that all ordinances and resolutions shall be approved by the mayor or passed over his veto, and which authorize the council by ordinance to provide for lighting of the city, include a contract of the character of the one here in question; and, further, that the council cannot avoid the necessity of submitting their action to the mayor for his approval, by awarding such contract by motion instead of proceeding by ordinance or resolution. See Broderick v. City of St. Paul, 90 Minn. 443, 97 N. W. 118, and State v. City of Dover, 61 N. J. L. 400, 404, 39 Atl. 675.

It is, however, claimed by the relator that the provision found in chapter 4, § 5, of the charter, directing the specific manner in which the city may provide for the lighting of the city, has been changed by a subsequent amendment of the charter. Sp. Laws 1887, p. 451, c. 15, § 15. The amendment is chapter 8, § 5, which we have herein set out, and the original, for which the amendment was substituted, was section 5 of chapter 8 of the charter of Minneapolis, relating to streets, sidewalks, and bridges. Sp. Laws 1881, p. 460, c. 76, subc. 8, § 5. The original section reads:

> Section 5. All work done or constructions made pursuant to the provisions of this chapter, shall, so far as practicable, be done by contract, and of all contracts calling for the expenditure of one hundred dollars or more, public notice shall be given and proposals invited for the same in such a manner as the council shall direct.

The amendment of this section was in these words:

> That section five (5) of chapter eight (8) of said charter is hereby amended so as to read as follows.

Then follows chapter 8, § 5, which we have quoted. The act in which this amendment is found contains no repealing clause; hence it cannot be held to repeal other provisions of the charter, unless the repugnancy between them is manifestly irreconcilable. The amendment was limited to a particular section of a particular chapter of the charter, which was amended "so as to read as follows." It was, then, a substitute for the original section, and repealed everything therein not reenacted, but not the other provisions of the charter, unless it is impossible by any fair construction to reconcile them as independent provisions of the same act. I Lewis, Suth. St. Const. § 237; Rundlett v. City of St. Paul, 64 Minn. 223, 66 N. W. 967; Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717.

Now, if section 5 of chapter 4 of the charter, and section 5 of chapter 8 thereof be read and construed, as they must be, as independent provisions of the same act, there is no difficulty in harmonizing them. The first section, so far as applicable to this case, deals with a particular subject, the lighting of the streets of the city, and specifically enacts the sole manner in which the council may provide for the lighting of the city. The second section is an amendment to a particular chapter of the charter, but is general in its terms. The particular matter to which the first section relates is to be construed as an exception to the general terms of the second section; for it is not reasonable to suppose that the legislature intended by such general terms, without adding a repealing clause, to abrogate the particular legislation contained in a different chapter of the same charter. State v. McCardy, 62 Minn. 509, 64 N. W. 1133; State v. Anderson, 63 Minn. 208, 210, 65 N. W. 265.

We accordingly hold that section 5 of chapter 8 of the charter does not repeal section 5 of chapter 4 thereof, and that the council could only award the contract here in question for the lighting of the city by an ordinance or resolution approved by the mayor or passed over his veto.

Judgment affirmed.