## STATE EX REL. MARYLAND CASUALTY COMPANY v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

### July 14, 1916.

Nos. 19,940—(264).

**Workmen's Compensation Act — child not dependent — amendment of 1915.**

1. Under section 14 of the Workmen's Compensation Act of 1913, a child of a deceased workman over 18, though supported by deceased, was not a dependent and was not entitled to the compensation under the act, unless physically or mentally incapacitated from earning.

Chapter 209, Laws 1915, amending said section 14 says that a child who derives part of his support from the wages of deceased is a partial dependent and entitled to compensation. Some provisions of the old act, which were embodied in the new under an amendment to "read as follows," are inconsistent with this.

[1]Reported in 158 N. W. 798.

Note.—Authorities on the question of who are dependents and entitled to compensation under the Workmen's Compensation Act, are collected in a note in L.R.A. 1916A, 163.

**Workmen's Compensation Act — construction of amendment.**

2. The cardinal rule of statutory construction is that effect shall be given to the intention of the law makers. Another equally well settled and more specific rule is that it will be presumed that the legislature in adopting the amendment intended to make some change in the existing law. The intent seems clear that the 1915 act should modify the act of 1913.

**Same.**

3. The history of the law, the condition of the law prior to the amendment, and the occasion and object of the change, all point to the construction here adopted.

**Same.**

4. Where two sections are inconsistent, the one must stand which best conforms to the intent and policy of the statute. The amended section best conforms to the intent and policy of this statute.

**Same.**

5. It is the duty of the court to so construe the statute as to give some effect to every portion of it. The construction adopted does so. Any other would render a definite portion of the amended act wholly nugatory.

**Same.**

6. An amendment of a statute "to read as follows," repeals everything in the old statute not embodied in the new. From then on the old provisions derive their force from the amendatory act. The old provisions are not, however, repealed and re-enacted. The old are considered as having been the law all along, the new as enacted at the time the amendment took effect; in other respects this form of amendment is no different in effect from one in the form of an independent statute.

**Same — widowed daughter a partial dependent.**

7. It is *held* that under the compensation act as amended a widowed daughter of 30 deriving part of her support from her father is a partial dependent and entitled to claim compensation.

Upon the relation of Maryland Casualty Company this court granted its writ of *certiorari* to review the action of the district court for Ramsey county and the Honorable Olin B. Lewis, J., one of the judges, in proceedings under the Workmen's Compensation Act brought by Florence Smith for the death of her father, Andrew Anderson, employee, against relator. Affirmed.

*Barrows, Stewart & Ordway,* for relator.
*Douglas, Kennedy & Kennedy,* for respondent.


HALLAM, J.

Andrew Anderson was killed while in the employ of Thornton Brothers Company. Thornton Brothers Company was insured in the relator, Maryland Casualty Company. Anderson left a widowed daughter, 30 years old, who, with her child of six years, lived with him. She regularly derived part of her support from his wages. She made claim under the compensation act and the court allowed it. Relator sued out this writ of *certiorari* to review the ruling. The question in the case is whether a daughter of 30, not physicially or mentally incapacitated, and yet actually deriving support from her father, is entitled to the benefit of the compensation act.

1. The determination of this question turns on the construction of the various subsections of section 14, c. 467, p. 681, Laws 1913 (G. S. 1913, § 8208), as amended by chapter 209, p. 285, Laws 1915. The subsections of section 14 of the original act provided:

(1) That a "wife, minor children under the age of eighteen years, or those over that age who are physicially or mentally incapacitated from earning, shall be presumed to be wholly dependent."

(2) That the foregoing and also "husband, mother, father, grandmother, grandfather, sisters and brothers who were wholly supported by the deceased workman * * * shall be considered his actual dependents."

(3) "Any dependents named in subdivision 2, who regularly derived part of their support from the wages of the deceased * * * shall be considered his partial dependents."

It will be seen that under this act while a brother of any age might be a total dependent, a daughter over 18 and not physically or mentally incapacitated from earning" could under no circumstance be either a total or partial dependent. Consistent with these provisions it was provided in subdivision (18) that: "In computing and paying compensation [in case of death] to orphans or other children, in all cases, only those under eighteen years of age, or those over eighteen years of age who are physically or mentally incapacitated from earning, shall be

included;" and section 34c (§ 8230c) provided that a "dependent child * * * shall be considered to mean an unmarried child under the age of eighteen years or one over that age, who is physicially or mentally incapacitated from earning."

The act of 1915 amended section 14 of the original act "to read as follows :"

The amended subdivision 1 provides that the widow, unless voluntarily living apart from her husband, and minor children under 16, are conclusively presumed to be wholly dependent.

Subdivision 2 provides that "children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall, *prima facie,* be considered dependent."

Subdivision 3· provides that "wife, *child,* husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law and father-in-law who were wholly supported by the deceased workman * * * shall be considered his actual dependents."

Subdivision 3a provides that "any member of a class named in subdivision (3), who regularly derived part of his support from the wages of deceased workman * * * shall be considered his partial dependent; and payment of compensation shall be made to such dependents in the order named."

These amendatory sections in explicit terms bring within the scope of the act a "child," if wholly or in part supported by deceased, without the former limitation as to age or physical or mental incapacity. This covers the case of claimant. No doubt would be cast over her claim were it not for the fact·that the language of the 1915 amendment leaves subsection 18 and section 34c unchanged.

It will be seen then that there is conflict between the amended act, subsection 3 and 3a, and the unamended subsection 18 and section 34c. Both the old and the new provisions cannot be given full effect.

2.   To aid us in arriving at the intent of the legislature when it has used language that is not readily understood, or not easily harmonized, there are several recognized canons of construction. These are not arbitrary rules, but rules founded on reason and experience which are to be resorted to only so far as they will give us aid.

· The cardinal rule of statutory construction is that effect shall be

given to the intention of the law makers. Another rule, equally well recognized and somewhat more specific, is that it will be presumed that the legislature in adopting an amendment intended to make some change in the existing law. 36 Cyc. 1165; People v. Weinstock, 117 N. Y. App. Div. 168, 102 N. Y. Supp. 349; City of Richmond v. Sutherland, 114 Va. 688, 693, 77 S. E. 470. It seems reasonably clear that, when the legislature added the word "child" to subdivision 3, they did not intend that this added word should be meaningless, but that, on the contrary, they intended just what they said; that is, that a "child" should be included, with the other relatives mentioned, as one of those who, if supported by deceased, should be considered a dependent, and within the benefit of the act, and since there is no limitation as to age or capacity in the amended subsection, and since those under 18 or incapacitated are already provided for in subsections 1 and 2, it would seem plain that the word "child" as used in subsection 3 and 3a should not be limited. If there are other provisions in the old act that are inconsistent with these provisions of the new, it would seem that, if they cannot be harmonized, the new should prevail as the latest expression of the legislative will.

3. Another rule of construction is that the history of the law, the condition of the law prior to the amendment, the occasion, necessity and object of the change, are important to be considered in arriving at the meaning of an ambiguous statute. Minnesota & Pac. R. Co. v. Sibley, 2 Minn. 1 (13); Loper v. State, 82 Minn. 71, 84 N. W. 650; State v. Fitzgerald, 117 Minn. 192, 134 N. W. 728. In this case these all point to the construction we have indicated as the true one. The beneficent purpose of this legislation is well known. It should be construed liberally, to the end that full effect may be given to this object. The manifest purpose of the addition of the word "child" to 3 and 3a was to relieve the statute of the incongruity of giving benefits to such as a brother and denying them to a daughter. If the word "child" is eliminated from those subsections as they now stand, there will be the still more absurd inconsistency of including husband, father, grandfather, father-in-law, and still excluding a widowed daughter. The legislature could hardly have contemplated such a result.

4. Another rule is that, where two sections are so inconsistent that

they cannot be reconciled, the one must stand which best conforms to the intent and policy of the statute, and where one section so conforms it is not to be rendered nugatory by an inconsistent provision, though found in a later section, which does not, and the latter will give way. McCormick v. Village of West Duluth, 47 Minn. 272, 50 N. W. 128; State v. Bates, 96 Minn. 110, 104 N. W. 709, 113 Am. St. 612. Subsections 3 and 3a best conform to the intent and policy of this act.

5. Another rule is that it is the duty of the court to so construe the statute as to give some effect to every portion of it if possible. Foster v. Gage, 117 Minn. 499, 503, 136 N. W. 299. If this statute is construed as relator contends, while full effect is given to subsection 18 and section 34c, the amended subsections of 3 and 3a, so far as they add children to the list of eligible dependents, are rendered nugatory. If construed as respondent contends, effect is given to 3 and 3a and some effect is given to 18. In fact as so construed subsection 18 applies to the same sections as before the amendment took effect.

6. Relator contends that the fact that section 14 was amended "to read as follows," indicates an intention that subsection 18 should stand *in pari materia* with the amendatory provisions of subsections 3 and 3a. We do not so understand the effect of this form of amendment.

A statute providing that a previous one shall be amended "to read as follows," repeals everything contained in the old statute and not embodied in the new, and the new statute is to be construed, as to any action had after the amendment, as if the statute had been originally enacted in the amended form. State v. Routh, 61 Minn. 205, 209, 63 N. W. 621; Rundlett v. City of St. Paul, 64 Minn. 223, 66 N. W. 967; see Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717; State v. Jones, 98 Minn. 6, 106 N. W. 963. That is, all the provisions of the old law which continue in force after the passage of the amendatory act derive their force thereafter, not from the original, but the amendatory, act. 1 Lewis, Sutherland, St. Const. (2d ed.) § 237 (133); Huffman v. Hall, 102 Cal. 26, 36 Pac. 417; Palmer v. City of Danville, 166 Ill. 42, 46 N. E. 629.

An amendment of a statute "to read as follows," is not, however, to be construed as repealing and re-enacting that statute. Burwell v. Tullis,

12 Minn. 486, 495, (572, 575) ; 1 Lewis' Sutherland, St. Const. (2d ed.) § 237 (133). The portions of the amended section which are merely copied without change are considered to have been the law all along. 1 Lewis' Sutherland St. Const. (2d ed.) § 237 (133) ; 36 Cyc. 1165; Barrows v. People's Gaslight & Coke Co. 75 Fed. 794; Elgin City Banking Co. v. Chicago, M. & St. P. Ry. Co. 160 Ill. App. 364. The new provisions are construed as enacted at the time the amendment took effect. Kerlinger v. Barnes, 14 Minn. 398 (521) ; Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; St. Paul, M. & M. Ry. Co. v. Broulette, 65 Minn. 367, 371, 67 N. W. 1010; McDougald v. New York Life Ins. Co. 146 Fed. 674, 678, 77 C. C. A. 100; Ely v. Holton, 15 N. Y. 595, 598. Except for these distinctions, an amendment which incorporates the old law is of no different effect from one made in the form of an independent statute. Kerlinger v. Barnes, supra; St. Paul, M. & M. Ry. Co. v. Broulette, supra.

7. We accordingly hold that under the compensation act as amended, a widowed daughter of 30 deriving part of her support from her father is partially dependent on him, and entitled to receive compensation by virtue of the act, though she be not physicially or mentally incapacitated, and that the decision of the court below allowing the claim of the claimant is right.

Judgment affirmed.