Cheshire,
July 11, 1924.

HENRY LAPOINT, *Adm'r* (LOUISE FAIRFIELD, *plaintiff in interest*),

*v.*

THOMAS W. WINN & a.

Under the workmen's compensation act (Laws 1911, c.163, s.1 (1)) the existence and extent of dependency are questions of fact and a finding on these questions will not be set aside if there is any evidence to sustain it.

A claimant of full age who under an agreement with her father for support in consideration of labor depends in part upon his earnings and in part upon her own labor for support is "in part only dependent upon his earnings."

Under Laws 1911, c. 163, s. 6 (1) (c), a child dependent upon his mother was not entitled to compensation for the death of his grandfather; for the mother's dependency upon her father for aid under a contract for support in consideration of labor, though in discharge of her duty toward her dependent child, was not her dependency for her own livelihood.

PETITION, in equity under Laws 1911, c. 163, for compensation. Plea, general denial. Trial by *Allen*, J., who made the following findings:

"The intestate received injuries while at work for the defendants on March 17, 1922. He died from them the next day. The defendants had accepted the act. The plaintiff is a daughter of the intestate, and at the time he died she was 42 years old, in good health and of sufficient earning capacity to support herself. In 1909 her husband became and has since been insane. She thereupon, with her son, then about two years old, went to live with her parents, working in a mill as a weaver and paying over her wages to her father for her and her son's support. Her mother, who kept house for her father and the family, died in 1920, and thereupon at her father's request, she gave up her work in the mill and kept house for him in his home, which he owned, under an arrangement by which he turned over to her his weekly wages of $17.50 and $1.25

as the weekly pay from a lodger, and she ran the house, paying all expenses and being entitled to the balance saved, if any. This arrangement gave her and her son a home and provided them with support. The evidence showed no other income or resources, and showed no income saved."

The court also found that at the time her father died the daughter was able to earn in wages as much as she received under the arrangement with her father, including her son's as well as her own support, and that the plaintiff was only in part dependent upon her father. Compensation was ordered for the support furnished to the plaintiff, but not for that furnished her child. To this finding and order the plaintiff excepted.

*Doyle & Doyle,* for the plaintiff.

*Lucier & Lucier,* for the defendants.

PEASLEE, J. The exception taken presents the question whether upon the evidence a finding of partial dependency only could be made, or whether total dependency must be found. The statute provides for a certain compensation for those "wholly dependent on his earnings" and lesser amounts for those who are "in part only dependent upon his earnings." Laws 1911, c. 163, s. 6 (1). The existence and extent of dependency are questions of fact. If there is any evidence to sustain the finding made, it will not be disturbed. *In re Herrick,* 217 Mass. 111; Workmen's Comp. Acts (C. J. System), 56; 28 R. C. L. 722.

The cases quite uniformly hold that mere ability of the claimant to earn a livelihood, or services voluntarily performed for the supporting party, do not show that there was no dependency. *Blanton* v. *Company,* 91 Conn. 226; *State* v. *District Court,* 134 Minn. 131; *Howells* v. *Vivian,* 85 L. T. R. (N. s.) 529. On the other hand, possession of sufficient means has been held to negative dependency. *Kenney's Case,* 222 Mass. 401. It is not necessary to consider whether the holdings that physical ability to earn does not, while financial ability to pay does, prevent dependency can be logically reconciled. Assuming that they can be, or that if not there could be a finding of dependency in either case, the question here involved is not answered.

No case has been cited or found which holds that there is total dependency where a part of the support of the claimant was furnished by her own labor, performed under a contract. It seems evident

that in such a situation a finding of total dependency would be contrary to the fact. The case then narrows down to the issue whether the evidence will support a finding that the claimant's services in keeping house for her father and herself were performed under an agreement that she was to do that much toward the common support, or whether it must be found that they were purely voluntary.

The evidence tending to support the finding made was that, at her father's request, the plaintiff accepted his proposition that she should keep house for him, and have as her own any of his wages she could save. She testified that this was the "trade" she made with her father. The meaning to the parties of the language they used was a question of fact. *Hill* v. *Carr*, 78 N. H. 458. The finding that it created a contractual relation, that they both understood they made a valid and binding agreement, is one that cannot be set aside as matter of law.

It could be found that she depended in part upon her father's earnings and in part upon her own labor for support. Both elements entered into the maintenance of the family, and both were to be contributed under the agreement by which they lived together. It is not a case where the daughter lived at home, and was fully supported by her father whether she worked or not. It is not like the case of a wife or minor child, or an adult child unable to work, where there is a legal duty to support. If it could be found from the evidence that there was total dependence, and a mere family relation, it could also be found that the relation was contractual, and the dependence only partial. It was for the superior court to determine the facts as to dependency, and the finding cannot be set aside when the evidence is not conclusive against it.

Exception was also taken because in making the award the court considered only the support furnished the plaintiff, and excluded that furnished to her minor child. The statute is explicit as to who are beneficiaries under its provisions. They are "widow, children or parents." Unless he leaves "such dependents," the recovery is limited to the payment for medical attendance and funeral expenses. Laws 1911, *c*. 163, *s*. 6 (1) (c). The fact that the child was dependent upon his mother is not enough to bring him within the act in the present circumstances. The mother's dependency upon her father for aid in the discharge of her duty toward her dependent child was not her dependency for her own livelihood. Within the meaning of these acts, dependency extends only to reliance for means of living. *Powers* v. *Company*, 89 Conn. 143; Ann. Cas. 1918 B.

*749, note;* 28 R. C. L. 770. Had the legislature intended to extend the benefits of the act to the present situation, it is fair to assume that it would have used some appropriate language to express the purpose.

Our statute is largely a copy of the original New York act. *Abbott* v. *Company,* 80 N. H. 301. By that act compensation was to be made to the widow or next of kin. N. Y. Laws, 1910, c. 674, s. 219 b. The change of the beneficiaries to widow, children or parents, and the insertion of the qualifying word "such" before "dependents" in section 6 (1) (c), confirm the view that the limitation expressed in our act was understood to be definite and unqualified.

*Exceptions overruled.*

PLUMMER, J., dissented: the others concurred.

---

## MEMORANDUM

MR. CHIEF JUSTICE PARSONS, having attained the age of seventy years on the third day of September, 1924, retired under the constitutional limitation.

On the sixteenth day of July, 1924, MR. JUSTICE PEASLEE was appointed chief justice of this court, to succeed MR. CHIEF JUSTICE PARSONS upon his retirement.

On the tenth day of July, 1924, MR. JOHN ELIOT ALLEN was appointed an associate justice of this court to fill the vacancy occasioned by the retirement of MR. CHIEF JUSTICE PARSONS, and took his seat upon the bench at the October session, 1924.