## STATE EX REL. JOHN BOZICEVICH v. CITY OF EVELETH AND OTHERS.[1]

March 15, 1935.

No. 30,298.

*M. H. Greenberg,* for appellants (respondents below).

*John E. Manthey* and *Andy J. Toth,* for respondent (relator below).

DEVANEY, CHIEF JUSTICE.

This is a *mandamus* proceeding brought by John Bozicevich, relator herein, against the city of Eveleth, Minnesota, and against the members of the Eveleth city council to compel his reinstatement to the position of municipal court officer for that city. Bozicevich is an honorably discharged sailor entitled to a preference in em-

[1]Reported in 260 N. W. 223.

ployment under 1 Mason Minn. St. 1927, §§ 4368, 4369, the so-called soldiers and sailors preference law.

January 2, 1934, Bozicevich was appointed municipal court officer by the mayor of the city of Eveleth. The city council refused to confirm the appointment, whereupon the mayor subsequently appointed one Dan Shea to replace Bozicevich. Shea is not entitled to any preference. Bozicevich never was formally discharged and never was accorded the hearing to which he was entitled under the preference law. He is merely not recognized as municipal court officer and is and has not been paid a salary. We are asked to decide (1) whether under our statute and the provisions of the city charter of Eveleth it is necessary that the mayor's appointment to this office be confirmed by the city council, and (2) whether the position comes within the soldiers and sailors preference law. The trial court held that a confirmation by the council was not necessary and that the position came within the preference law. He ordered that Bozicevich was entitled to reinstatement and also to back salary for the time during which he had been wrongfully kept out of office.

■ ▪ It is clear to us that this appointment need not be confirmed by the city council. The only question is whether the position of municipal court officer is that of a policeman. If it is, then the mayor has no power to appoint, as policemen are under civil service; otherwise he has such power and his appointment needs no confirmation by the city council. R. L. 1905, § 136, provided in part:

"In cities of the second class, the mayor shall appoint *three or more policemen as court officers,* approved by the judge, who, unless otherwise prescribed by resolution of the council, shall receive the same pay as other policemen, and shall give bond to the city, for the use of all persons interested, to be approved by the judge, and conditioned for the faithful performance of their duties as such."

By L. 1913, c. 104, § 1, this statute was amended to read as follows:

"In cities and villages of five thousand (5,000) population or more, the mayor or president shall appoint *one or more* (not ex-

ceeding three) *court officers, who shall also have the power and authority of policemen,* * * * and shall give bond to the city or village, for the use of all persons interested, to be approved by the council of such city or village and conditioned for the faithful performance of their duties as such."

This statute is now found in 1 Mason Minn. St. 1927, § 226. It has not been changed or amended since 1913. In the 1905 statute it is provided that the mayor "shall appoint three or more *policemen* as court officers." In the 1913 statute (now 1 Mason Minn. St. 1927, § 226) it is provided that the mayor "shall appoint one or more (not exceeding three) court officers, who shall also have the power and authority of policemen." It will be presumed that the legislature intended, by amendment, to make some change in the law. State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798. So, when the amendment here was made in 1913, the office in question was taken out of the class of police officers and put in a class of its own. The words "shall appoint * * * policemen as court officers" are not used in the 1913 statute. Further, the 1913 statute would not state that the officers when appointed were to have the "power and authority of policemen" if the mayor were to appoint policemen and if, when appointed, they were to be considered as policemen.

The city charter of Eveleth expressly states that as to its municipal court the Minnesota statutes are to govern. The charter contains no other provisions concerning the municipal court. Apart from this fact, this statute and the interpretation we here give it must control over any provision of the city charter of Eveleth which may happen to be in conflict herewith.

Since the municipal court officer is not a policeman, the mayor can appoint him under the statute above quoted. He is not within the civil service. It is clear that nothing in the 1913 statute requires that the city council approve the appointment. All the council must do is approve the bond; it has nothing to do with who is appointed.

■ 1 Mason Minn. St. 1927, § 4369, part of the so-called soldiers and sailors preference law, provides in part:

"Nothing in this act shall be construed to apply to the position of private secretary or deputy of any official or department, or to any person holding a strictly confidential relation to the appointing officer."

It is clear that the position of municipal court officer is not such a strictly confidential one as to come within this exception to the act. Consequently, Bozicevich was entitled to the benefit of the preference law. Having been duly appointed, he was entitled to a hearing before he could be dismissed for cause shown. He was not accorded such a hearing and so is entitled to reinstatement and to hold the office until duly discharged in compliance with the provisions of the preference law.

A new trial must be had to determine the single issue of whether or not Bozicevich is entitled to back salary from the time of his appointment until now. Under the express provision of 1 Mason Minn. St. 1927, § 226, above quoted, the bond of a municipal court officer must be approved by the council before he can legally become an officer and receive a salary. If the bond is legally sufficient, *i. e.*, contains proper sureties, is drawn in proper form, and furnishes sufficient security, etc., then the council is bound to approve it. The council cannot refuse because it objects to the individual appointed or for other reasons.

The trial judge made no finding as to whether the bond was legally sufficient so that the council was bound to approve it. Further, there appears to be no evidence on this question. It must be found that there was such a sufficient bond which the council were bound to accept before it can be held that Bozicevich is entitled to his back salary. For a determination of this single issue, a new trial is hereby ordered.

Affirmed in part, reversed in part, and new trial ordered on single issue.