STATE EX REL. JOHN BOZICEVICH v. CITY OF EVELETH AND OTHERS.[1]

January 31, 1936.

No. 30,558.

_____

¹Reported in 265 N. W. 30.

308

M. H. Greenberg and Rudolph J. Peshel, for appellants (respondents below).

John E. Manthey and Andy J. Toth, for respondent (relator below).

JULIUS J. OLSON, JUSTICE.

The case has been here before. 194 Minn. 44, 47, 260 N. W. 223. Reference to that opinion is hereby made to avoid repetition of issues there decided.

In conformity with that opinion the case was retried upon the single issue therein limited, i. e., whether relator had executed "a sufficient bond which the council were bound to accept" before relator would be entitled to his back salary. After trial duly had, the court found for relator, holding the bond legally sufficient and directing entry of judgment that relator receive his back pay. Appellants moved for amended findings or new trial. Their motion being denied, this appeal followed. Review is necessarily limited to the single question of determining whether the evidence reasonably sustains the findings.

By 1 Mason Minn. St. 1927, § 226, it is provided that such officers as relator "shall give bond to the city * * * for the use of all persons interested, to be approved by the council of such city * * * and conditioned for the faithful performance of their duties as such. * * *" The bond in the instant case provided that relator would faithfully perform the duties of his office. There is no provision that it is "for the use of all persons interested." The court in its memorandum refers to 2 Mason Minn. St. 1927,

§ 9698, as authority for holding the bond sufficient. That section provides:

"The official bond or other security of a public officer, whether with or without sureties, shall be security to all persons severally for the official delinquencies against which it is intended to provide, as well as to the obligee designated therein, * * *. When a public officer, by official misconduct or neglect, forfeits his bond or renders his sureties liable thereon, any person injured thereby, or who is by law entitled to the benefit of the security, may bring an action thereon, in his own name, against the officer and his sureties, to recover the amount to which he is entitled by reason of the delinquency. * * *"

We think the court was right. Many cases have been before this court in respect of bonds and undertakings of this nature. The rule is well stated in Vukmirovich v. Nickolich, 123 Minn. 165, 168, 143 N. W. 255, 256:

"Statutory bonds must be construed in the light of the statute creating the obligations intended to be secured, and either extended or restricted in scope, as the case may be, to cases contemplated by the statute, unless violence thus be done to the language of the bond."

In Guaranteed G. & S. Co. v. Aetna C. & S. Co. 174 Minn. 366, 375, 219 N. W. 546, 550, this court held the statute by reason of which the bond was given to be a part of it, the same as if it had been therein written. There, as here, "the parties intended to comply with the statute. The contract and bond were made in reference to the statute. The purpose of the parties being established to be the same as the purpose of the statute, the joint purpose cannot be defeated by a failure to write into the contract and bond one of the provisions of the statute whether such omission is due to the voluntary act of the parties or is attributable to their oversight or inadvertence. Under such circumstances the law imputes such provisions to the contract whether written therein or not. In such a situation the contract is made in reference to the law which is

read into the contract and out of which the liability arises. Baumann v. City of West Allis, 187 Wis. 506, 204 N. W. 907. The statute is a part of such contract whether embraced within the written language thereof or not; and its faithful performance means that the requirements of the law must be met."

In the instant case two persons were appointed by the mayor to the position of "court officer" of the municipal court of Eveleth. Relator's bond and that of the other court officer so appointed are here as exhibits. Both are identical in form and substance, and the city paid the surety company's premium charge for both. The other bond was approved by the council, but relator's was not. The reason for failing to approve or act upon his bond, as testified by the city clerk, is set forth in the record:

Q. "Do you mean by that that there was a motion made to accept the bond or approve the bond that was voted down?

A. "There was no motion made, either to accept or reject.

Q. "They just declined to act?

A. "Exactly.

The Court: "The situation was just this, wasn't it? They declined to confirm Mr. Bozicevich's appointment?

Witness: "That was the first thing, yes.

The Court: "And therefore they would not accept his bond because in their opinion he was not a court officer?

Witness: "I think that was the reason."

The alleged defect, respecting the manner and form of execution of the bond here involved, is that the person executing it for the surety did so as "attorney" instead of using the form of expression "attorney in fact." We think this objection too attenuated to require much discussion. The bond is written upon a printed form prepared by the surety company. Across the top in bold-faced type appears the corporate name of the surety: "THE FIDELITY AND CASUALTY COMPANY OF NEW YORK." Immediately beneath the formal contractual provisions thereof are the signatures of the principal, surety, and witnesses, thus:

"Signed, sealed and delivered
  in the presence of
"Maurice Levant
"Harry A. Levant                 John Bozicevich
  "(as to the Principal)           Principal
        "THE FIDELITY AND CASUALTY COMPANY OF NEW YORK
"M. F. Lesch
"M. C. Palther                Ruth I. Westlund
  "(as to the Surety)            Attorney
                      "(Corporate Seal)"

The surety's acknowledgment read:

(Venue) "On this 15 day of January 1934, before me appeared Ruth I. Westlund to me personally known, who being by me duly sworn, did say that she is the attorney of THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation; that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was executed in behalf of said corporation by her by authority of its Board of Directors; and the said Ruth I. Westlund did acknowledge said instrument to be the free act and deed of said corporation."

This is in strict conformity with statutory requirements. 2 Mason Minn. St. 1927, § 6970. Section 6971 provides:

"Every acknowledgment by or in behalf of a corporation * * * made and certified substantially in the form prescribed in § 6970 shall be prima facie evidence of the facts therein recited, that such instrument was executed by authority of its board of directors or trustees, and that the execution and delivery thereof was authorized by law."

Appellants' objections to the sufficiency of the bond are obviously without merit.

At the first trial the case was submitted to the court upon stipulated facts. In that stipulation this appears: "Relator filed his bond as such court officer and took his oath of office as such court officer, all as required by law * * *." The validity of the bond

was not in issue. Its legal sufficiency was raised here by the court. There was no suggestion made that it was not a legal and valid obligation. Obviously the stipulation was not called to our attention by counsel. If this particular part thereof had been called to our attention it is not at all likely that the case would have been sent back for further trial.

At the time of the second trial appellants sought to show below and have argued here that the bond does not meet statutory requirements. We think these attacks are pure afterthoughts, wholly lacking in merit and without foundation. Our reasons for so holding have been stated.

Relator has been deprived of his salary much too long and without any legal or other justification. The appeal presents nothing of merit.

The order is affirmed.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.

