Nov. Term, 1858.

GABBERT *v.* THE JEFFERSONVILLE RAILROAD COMPANY.

GABBERT
v.
THE JEFFER-
SONVILLE
RAILRO'D CO.

*The Jeffersonville Railroad Company* v. *Martin,* 10 Ind. R. 416, adhered to. The repeal of a statute on a given subject is properly connected with the subject-matter of a new statute upon the same subject, and does not violate the constitutional requirement that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title," although the repeal of the former statute be not mentioned in the title of the new enactment.

APPEAL from the *Bartholomew* Circuit Court.

*Thursday, December* 16.

WORDEN, J.—Complaint by the appellant against the appellees, for carelessly and negligently killing a mule, the property of the plaintiff, by running against the same with an engine and train of cars.

Defendants answered by a general denial.

Trial by the Court, which resulted in a finding for the defendant, and judgment. Motion for a new trial overruled. Exceptions taken, setting out the evidence.

The killing of the mule was proven, and that its value was 140 dollars.

The plaintiff insists—

1. That he was entitled to recover without showing negligence on the part of the company, as the road was not fenced; and,

2. That the evidence discloses such negligence as will make the defendants liable.

In the case of the *Jeffersonville Railroad Co.* v. *Martin,* 10 Ind. R. 416, it was held that the act of *March* 1, 1853, providing for the liability of railroad companies for stock that might be killed upon the road, without reference to the question of negligence or willful misconduct, where the road was not fenced, was not applicable to suits commenced otherwise than before a justice of the peace, as in that act is provided. To that decision we adhere.

But it is claimed that §§ 1, 2, 1 R. S. p. 426, are not repealed. By this latter statute, the remedy is not limited to suits before justices of the peace.

The act of *March* 1, 1853 (Acts of 1853, p. 113) ex-

Nov. Term,
1858.

GABBERT
v.
THE JEFFER-
SONVILLE
RAILRO'D Co.

pressly repeals the above provisions of the code; but it is insisted that the repeal is invalid, for the reason that the subject-matter is not sufficiently embraced in the title of the repealing act.

In this proposition, however, we cannot concur.

The title of the act is, "An act to provide compensation to the owners of animals killed or injured by the cars, loco-motives, or other carriages, of any railroad company in this state."

The law repealed, is in relation to the same subject. We are of opinion that the repeal of a former law on any given subject, is properly connected with the subject-matter of a new law on the same subject, and in strict accordance with the constitutional requirement that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title," although the repeal of former laws is not mentioned in the title of the new enactment.

It follows, from what has been already said, that the plaintiff cannot recover under either of the above-mentioned statutory provisions. If he recover at all, it must be by the common-law rule, and he must show negligence, unskillfulness, or willful misconduct on the part of the defendant.

We have examined the evidence carefully, and cannot say that the case is made out. It has been passed upon by the Court below, and the finding, like the verdict of a jury, cannot be disturbed unless it is clearly wrong.

*Per Curiam.*—The judgment is affirmed with costs.

*N. T. Hauser*, for the appellant.

*W. Herod* and *S. Stansifer*, for the appellees.