STATE OF MINNESOTA v. OLE ANDERSON.[1]

December 13, 1895.

Nos. 9830—(122).

Constitution—Title of Act—Repeal.

> Sp. Laws 1881, c. 76, entitled "An act to amend and consolidate the charter of the city of Minneapolis," provides (subchapter 4, § 16) that "upon conviction before the municipal court of the city of Minneapolis of any person holding a license for a violation of the provisions of any ordinance relating to the exercise of any right granted by such license [one issued by the city council] the court may, and upon a second conviction shall, revoke such license in addition to the penalties provided by law or by ordinance for any such violation." *Held*, that these provisions are germane to the subject of the act expressed in its title. Also, that they are not repealed, by implication, by Sp. Laws 1889, c. 34, entitled "An act to consolidate and amend the several acts relating to the municipal court of the city of Minneapolis."

Appeal by defendant from an order of the municipal court of Minneapolis, W. A. Kerr, J., denying a motion for a new trial. Affirmed.

*Steele & Rees*, for appellant.

*D. F. Simpson* and *M. D. Purdy*, for respondent.

MITCHELL, J. The defendant was charged in the municipal court of Minneapolis with violating an ordinance of the city in failing to close and keep closed his saloon on Sunday. The complaint also alleged a former conviction of a similar violation of the same ordinance. He was found guilty, and sentenced to pay a fine, and it was further ordered and adjudged that his license to sell intoxicating liquors be revoked and canceled. We think the evidence was sufficient to justify the court in finding the defendant guilty of the violation of the ordinance charged, and also that it conclusively established his former conviction, as alleged.

The license thus revoked was issued by the authority of the city council of Minneapolis. The authority by which the municipal court assumed to declare the license revoked is Sp. Laws 1881, c. 76,

---

[1] Reported in 65 N. W. 265.

entitled "An act to amend and consolidate the charter of the city of Minneapolis," subchapter 4, § 16, which reads as follows: "Any license issued by authority of the city council may be revoked by the mayor or city council at any time, and upon conviction before the municipal court of the city of Minneapolis of any person holding a license for a violation of the provisions of any ordinance relating to the exercise of any right granted by such license, the court may, and upon a second conviction shall, revoke such license in addition to the penalties provided by law or by ordinance for any such violation." Counsel for defendant contends that this section, in so far as it assumes to give the municipal court power to revoke licenses issued by the city, is invalid. While this contention is somewhat amplified in counsel's brief, it all resolves itself into the proposition that this provision is repugnant to article 4, § 27, of the constitution, that "no law shall embrace more than one subject, which shall be expressed in its title." The line of argument is substantially as follows: The municipal court is not a department of the city government, nor is its jurisdiction limited to actions for the violation of city ordinances; but it is a court of record, established by the legislature by an independent act (Sp. Laws 1874, c. 141, and acts amendatory thereof), and possessing jurisdiction, both civil and criminal, of many classes of actions arising under the general laws of the state, and having no relation to or connection with the charter or ordinances of the city of Minneapolis; and hence provisions relating to the jurisdiction, powers, or procedure of the municipal court are neither expressed in the title of the act of 1881 nor germane to the subject which is expressed in that title.

If the provisions of section 16 of subchapter 4 of that act related to matters affecting the powers or jurisdiction of the municipal court generally, the contention of counsel would have much force. But it will be observed that the exclusive subject of which the statute is treating is "licenses issued by authority of the city council," and its provisions relate exclusively to the enforcement of the penalties for the violation of the city ordinances under which such licenses were granted. The city charter abounds in similar provisions. For example, that the municipal court shall have exclusive jurisdiction of all suits, prosecutions, and proceedings for the recovery of all forfeitures, fines, and penalties or inflictions of punishments for the

breach of any by-law, regulation, or ordinance of said city, and of all offenses against the same;[2] that the judge of the municipal court shall have power for vagrancy to commit any person to the city prison or workhouse or county jail, or to order any such person to work on the public improvements of said city for a term not exceeding 90 days;[3] that in all actions or prosecutions before the municipal court it shall take judicial notice of all ordinances of the city, and that it shall not be necessary to plead or prove such ordinance in said court;[4] that if any person shall, at any fire, refuse to obey the orders of the chief engineer of the fire department, upon complaint made before the municipal court he shall be punished by fine, etc.;[5] that the municipal court shall have jurisdiction of all offenses under the act creating the waterworks department;[6] that all process issued by the municipal court for the violation of any city ordinance or by-law of the city shall run in the name of the state,[7] etc.

If the provisions of section 16 of subchapter 4 are invalid on the ground urged by counsel, then these and all similar provisions in the city charter are also invalid. But such provisions are to be found in almost all city charters, and their validity has never been questioned, so far as we know. It is usual in city charters to impose penalties for the violation of their provisions, and to provide what courts shall have jurisdiction to enforce them. Such provisions are not different in principle from those generally found in laws authorizing certain classes of corporations to exercise the right of eminent domain which prescribe the mode of procedure, and what court shall have jurisdiction of the proceedings, while the name of the court is not mentioned in the title of the act. Our conclusion is that the provisions of section 16 of subchapter 4 of the city charter are germane to the subject of the act, and that the subject is sufficiently expressed in the title.

There is nothing in the suggestion that Sp. Laws 1889, c. 34, entitled "An act to consolidate and amend the several acts relating to the municipal court of the city of Minneapolis," repeals by implication the special provisions of the city charter under consideration. The case is one to which the rule is applicable that, where the legisla-

---

[2] Sp. Laws 1881, c. 76, subc. 3, § 23.

[3] Id., subc. 4, § 7.

[4] Id., subc. 4, § 10.

[5] Id., subc. 7, § 9.

[6] Sp. Laws 1885, c. 4, § 12.

[7] Sp. Laws 1881, c. 76, subc. 11, § 8.

ture enacts a statute in general terms, it is not to be presumed that they intended to abrogate particular legislation to the details of which they had previously given their attention, unless the general act shows a plain intention to do so. State v. McCardy, 62 Minn. 509, 64 N. W. 1133.

Order affirmed.