CITY OF CROOKSTON v. BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY.

April 26, 1900.

Nos. 12,142—(52).

## Title of Act Creating Municipal Corporation.

An act of the legislature creating a municipal corporation, and granting to it legislative, judicial, police, taxing, and other ordinary powers, embraces but one subject; the separate provisions of the act, covering these powers generally as well as in detail, being simply parts of the whole, and absolutely essential to make a whole.

**Same—Payment to City of Penalties Collected on City Taxes.**

That provision of an act of the legislature entitled "An act to amend and consolidate the charter of the city of Crookston" (Sp. Laws 1885, c. 1, subc. 5, § 16), which section requires the county treasurer to pay over to the city treasurer all interest and penalties which have been collected on account of taxes levied for city purposes, and also all interest received thereon from county depositaries, is not open to the objection that it contravenes the constitution (article 4, § 27).

**Same—No Conflict with General Tax Law.**

The provision referred to (section 16, supra) in no manner conflicts with the general tax laws relating to penalties and interest collected on account of taxes.

Appeal by defendant from an order of the district court for Polk county, Watts, J., overruling a demurrer to the complaint. Affirmed.

*A. R. Holston* and *A. A. Miller*, for appellant.

*L. E. Gossman*, City Attorney, and *De Forest Bucklen*, for respondent.

COLLINS, J.[1]

This is an action to recover the amount of certain interest and penalties alleged to have been collected by the county treasurer on account of taxes which have been levied for city purposes on property within the limits of plaintiff city for a series of years prior to and including 1899, and also interest which the county has received, it is claimed, on account of the amount so collected, from county depositaries. The right of the city to recover is predicated upon an act of the legislature entitled "An act to amend and consolidate the charter of the city of Crookston," now found as Sp. Laws 1885, c. 1. The particular sections in question are in subchapter 5, entitled "Finances," and are numbered 15 and 16. Section 15 provides for the transmission by the city council to the county auditor, and on or before October 1 of each year, of a statement of all taxes levied by such council for city purposes, which taxes are to be collected and payment is to be enforced with, and in the same manner as are, state and county taxes; that is, by the

---

[1] BROWN, J., did not sit.

same officials and in the same way. Subchapter 5, § 16, is as follows:

"The county treasurer of Polk county shall pay over such taxes, together with all interest and penalties which shall be collected on account of the same when collected, to the treasurer of said city in the several settlements of the funds to be so paid over, as provided by general law. Said county treasurer shall account for and pay over to the city treasurer such portions of the interest paid by banks with whom funds of said county are deposited as have accrued upon funds arising from city taxes and assessments so deposited with such county funds or parts thereof."

By a general demurrer to the complaint, the defendant's counsel deny the right of the plaintiff to recover from the county, in whose treasury the money has been retained; their contention being—First, that the above-quoted express and unambiguous provisions as to payment by the county treasurer to the city treasurer of all interest and penalties which shall have been collected on account of city taxes, and all interest thereon which has been paid by county depositaries, are of no validity, for certain specified reasons; and, second, that because of its title the act contravenes the provisions of article 4, § 27, of the state constitution, which requires that "no law shall embrace more than one subject, which shall be expressed in its title."

1. There is not a particle of merit in the first proposition, and to discuss it is really a waste of time. There is no conflict between the charter provisions under consideration and those contained in G. S. 1894, §§ 1599, 1601, 1602, 1605, 1613. And, if there was, it would not follow that the former, instead of the latter, would be invalid. But when property is sold to a purchaser at a delinquent tax sale, as provided in section 1599, or when after it has been bid in by the state for want of a purchaser (section 1592), and the right of the state has been assigned, as authorized in section 1601, the city taxes and the penalties and interest, if any, have been collected, and the municipality is entitled to receive the money. Subsequent payments to the county treasurer in redemption or otherwise do not concern the city, and none of the serious results to purchasers at the tax sales, or to holders of certificates of assignments, mentioned by counsel for the defendant, can follow.

2. We have repeatedly considered the constitutional provision relied on, and nothing of value can be added to the cases found in our reports upon this particular subject. The title of the act clearly expresses its subject, which is a consolidated and amended charter for the plaintiff city, and in the act we should naturally expect to find such provisions as might be necessary for the proper government of a municipality. Among the most important of these expected provisions would be one relating to taxation, and no single provision of a charter could be more germane to its subject, as expressed in the title, than one relating to the finances of the city. And when providing for finances we might anticipate that the legislature would arrange the details found in sections 15 and 16, for these details are strictly within the scope of the enactment. More than this, not only should the city receive such penalties and interest as may accrue on account of delinquent taxes assessed and levied for its own use, but an examination of a large number of charter enactments in this state has disclosed the fact that the provision in section 16 on which this action is founded is so common as to be practically universal. A provision of this character has a just and proper reference to the subject of a municipal charter expressed in the title of the act, and is manifestly appropriate in that connection. The generality of the title is no objection, if it be sufficient to give notice of the general subject of the proposed legislation, and of the interests likely to be affected. So it has been held repeatedly that an act creating a municipal corporation, and granting to it legislative, judicial, police, taxing, and other ordinary powers, embraces but one subject; the separate provisions of the act covering these powers generally, as well as in detail, being simply parts of the whole, and absolutely essential to make a whole. To sum it all up, in the language of counsel for respondent:

"It is certainly germane to the subject of incorporating a city, and to the subject of amending and consolidating the charter of a city, to provide for the details of the management of the affairs of the city, and to find named the agencies or channels through which it might act, and the method of raising money by taxation, and for the payment of the same by the county authorities to the

city. The details of these transactions are not required to be set forth in the title of the act."

As bearing upon this case, see City of St. Paul v. Colter, 12 Minn. 16 (41); Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; State v. Anderson, 63 Minn. 208, 65 N. W. 265; Putnam v. City of St. Paul, 75 Minn. 514, 78 N. W. 90.

Order affirmed.