# CHARLESTON.

### ANDERSON v. BOWEN *et als.*

Submitted October 19, 1915.   Decided November 2, 1915.

1. MUNICIPAL CORPORATIONS—*Action Against Municipal Officers—Parties.*

    Where a citizen, taxpayer and voter of a city, having only a public interest, brings a suit in equity against its municipal officers, attacking an act of the legislature amending and re-enacting the charter of such city, on the ground of its alleged unconstitutionality, and praying that such officers be enjoined from performing certain duties required by the act to be performed in order to put it into operation, other citizens of such city, desiring to have such new charter put into operation, have a right to come into such suit by petition and make defense thereto.   (p. 91).

2. APPEAL AND ERROR—*Parties—Equity.*

    Petitioners, who have been improperly refused the right to file their petition in a pending suit and to become parties thereto, have the same right of appeal to this' court as if they had been made parties by the bill.   (p. 92).

    (MASON, JUDGE, absent.)

Appeal from Circuit Court, Marion County.

Suit by Reuben Anderson against Anthony Bowen, Mayor, etc., and others.   From decree for plaintiff, defendants, A. S. Fleming and others appeal.

*Reversed and remanded.*

*W. S. Meredith, Harry Shaw,* and *John W. Mason,* for appellants.

*M. M. Neely* and *Scott C. Lowe,* and *W. E. R. Byrne,* for appellee.

WILLIAMS, JUDGE:

Reuben Anderson, suing for himself alone, as a citizen, taxpayer and voter of the city of Fairmont, filed his bill in equity, in the circuit court of Marion county, against Anthony Bowen, mayor, J. Walter Barnes, Albert L. Lehman and Ira L. Smith, commissioners constituting the board of affairs of said city, defendants, alleging that chapter 10 of the Acts of the

Legislature, passed at its regular session in 1915, amending and re-enacting the charter of said city, is unconstitutional for various reasons set forth in his bill; and prayed that each and every section of said act be held to be unconstitutional and inoperative, and that the defendants, and each of them, be enjoined from appointing, on or before the 1st of June, 1915, or at any other time, four persons to be members of the board of election supervisors, as provided for in said act, and from undertaking, in anywise, to carry out any of the pro- visions of said act.

On the 1st of June, 1915, in term, the court awarded a temporary injunction according to the prayer of the bill, the order reciting acceptance of service of process, on the 29th of May preceding, by all of the defendants, by counsel, and notice to them, that, on the said 1st of June, plaintiff would move for an injunction. On the following day an order was entered permitting defendants to file their joint and several answer, to which plaintiff replied generally. The answer admits, seriatim, each and every allegation of the bill, and, notwithstanding such admissions, prays for a dissolution of the injunction. On the 3rd of June, pursuant to notice to plaintiff, served on the previous day, that defendants would, on the 3rd day of June, move for a dissolution of the injunction, all parties appeared by counsel and defendants moved the court to dissolve the injunction, and the motion was docketed and continued, at the request of defendants' counsel, until the 5th of June. On that day the court made an order continuing the motion until the 7th of June, at which time counsel again appeared, and the court made an order setting forth the stipulations and agreements between counsel concerning the reading, as evidence on the hearing of the cause, of certain printed journals, bills and documents, embodying said act and relating to its passage; and on the following day the court entered a decree perpetuating the injunction.

A. S. Fleming, Frank R. Amos, L. M. Davis and J. E. Morgan, citizens, taxpayers and voters of the said city of Fairmont, the first two being also chairman and secretary, respectively, of the republican executive committee for said city, and the last two being the persons designated by the said chairman of the republican executive committee, to act as members of

the board of election supervisors, as provided in the new city charter, appeared in court, on the 3rd of June, and tendered their petition, duly verified by the affidavit of A. S. Fleming, setting forth their interest, as citizens, taxpayers and voters, in the enforcement of the aforesaid legislative act, and denying the allegations of plaintiff's bill, and asked leave to file the same and to be made parties defendant, in order that they might make defense to the suit. Their motion was resisted by both plaintiff and defendants and denied by the court. The order rejecting their petition and declining to permit them to become parties, shows their exception to the court's ruling, if this was necessary, and makes the petition a part of the record of the cause.

This appeal was awarded to petitioners.

The only question to be determined is, had petitioners such interest in the subject matter of the suit as would entitle them to be let in to make defense? If they had, it was error to refuse them.

The subject matter is a public statute amending the charter of the city of Fairmont, and a judicial determination of its validity and, consequently, its enforcement, are involved, which is certainly a matter of vital public importance. No individual, or set of individuals, residing within the city limits, could have an exclusive interest in the enforcement or non-enforcement of the new statute, for it affects all citizens of the community. Plaintiff's interest in the subject matter of suit is not different from that of petitioners, and if he had a right to maintain the suit. they had an equal right to defend it; and especially is this true, if they had good cause to believe that the defendants named in the bill were not making proper defense.

Suppose this suit had not been brought, and defendants had refused to perform some purely ministerial act required of them by some provision of the new charter, in order to put it into operation, would not any citizen and voter of the municipality, or any number of them uniting, have had the right to apply for a writ of mandamus to compel performance? We think there is no doubt in regard to such right. It is the settled law of this state, whatever may be the rule in other jurisdictions, that a taxpayer or voter of a county may appear

and contest the validity of the returns of an election held on the relocation of a county seat, although his interest be not different from that of the citizens of the county in general. *Poteet* v. *County Commissioners,* 30 W. Va. 58. He may apply for mandamus to compel the county court to convene, canvass the vote and declare the result of such election. *Brown* v. *Randolph County Court,* 45 W. Va. 827; *Morgan* v. *County Court,* 53 W. Va. 373. Or to submit to a vote of the people the question of relocating the county seat, when petitioned so to do by the requisite number of voters. *Doolittele* v. *County Court,* 28 W. Va. 158, and *Frantz* v. *County Court,* 69 W. Va. 734. How then can it be said he has no right to defend a suit involving the validity of a public statute, simply because the proceeding happens to be in a court of equity?

This suit is for the purpose of enjoining defendants, municipal officers, from doing that which the new statute, if valid, makes it their duty to do. Its purpose is to accomplish the reverse of what they could be compelled by mandamus to do, if they refused to do it; and there is no good reason for admitting the right of a citizen to compel observance of a public statute by a mandamus proceeding, and deny to him the right to defend such statute when its validity is assailed by a suit in equity. The constitutionality of the statute may be involved in either proceeding, and the same interest which entitles a citizen to apply for mandamus, in the one case, entitles him to the right to make defense to the other.

Without committing ourselves to the proposition that equity has jurisdiction to entertain a suit brought by a citizen taxpayer having only a public interest, solely to test the validity of a public statute, which is apparently implied from the jurisdiction of the suit, entertained by the lower court, and it is only fair to that court to say that its jurisdiction seems not to have been challenged in any way, our conclusion is, that if plaintiff had a right to maintain his suit, petitioners had equal right to be let in as parties to make defense thereto; and, being denied such right by the circuit court, they had a right to appeal to this court, as if they had been named defendants to the bill.

The orders of the circuit court of Marion county, made on

the 7th and 8th of June, 1915, respectively, rejecting the petition of appellants and perpetuating the injunction, will be reversed and the cause remanded, with directions to the circuit court to permit petitioners to file their petition and become parties defendants to plaintiff's suit with privilege of making all proper and lawful defense thereto.

*Reversed and remanded.*