## WESTERN & A. R. CO. v. HUGHES.

(Circuit Court of Appeals, Sixth Circuit. November 13, 1925.)

### No. 4410.

**1. Death 32 — Legal beneficiary necessary under Tennessee statute.**

Under statutes of Tennessee, as construed by Supreme Court of that state, before there can be a recovery for a wrongful death, there must be a legal beneficiary, and suit must be brought for his or her benefit.

**2. Statutes 115(3)—Amendatory act held not unconstitutional, as containing more than one subject, not expressed in its title.**

Pub. Acts Tenn. 1923, c. 50, purporting to amend Code 1858, § 2429, subsec. 4, held not violative of Const. Tenn. art. 2, § 17, providing that no bill shall embrace more than one subject, which shall be expressed in the title, in that its title does not refer to subsections 5 and 6 of original statute, where, if its necessary effect was to amend and repeal such subsections, such amendment or repeal was by implication, and not by express language.

**3. Statutes 109—Subject and not effect of law is required to be expressed in its title.**

Where a statute by implication amends and repeals a former law, such repeal is the effect and not the subject of the statute, and it is the subject and not the effect of the law which is required to be expressed in its title.

**4. Railroads 350(21)—Contributory negligence of guest in automobile held for jury.**

In action for death of guest in automobile, struck by a train on crossing, question of decedent's contributory negligence held for jury.

Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Action by W. M. Hughes, administrator of the estate of James Lillard Ogle, deceased, against the Western & Atlantic Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fitzgerald Hall, of Nashville, Tenn. (Frank Slemons and William Waller, both of Nashville, Tenn., and Brown & Spurlock, of Chattanooga, Tenn., on the brief), for plaintiff in error.

M. N. Whitaker, of Chattanooga, Tenn. (Whitaker & Foust, of Chattanooga, Tenn., on the brief), for defendant in error.

Before DONAHUE and MOORMAN, Circuit Judges, and SESSIONS, District Judge.

SESSIONS, District Judge. James Lillard Ogle was killed in a grade crossing accident April 21, 1923, when an automobile in which he was riding as a guest collided with a train of the Western & Atlantic Railroad within the city limits of Chattanooga about 11 o'clock at night. Ogle was a young man, 20 years of age, and unmarried. His father and mother were both living, but had been divorced in 1903. By the decree of divorce the mother was given "the full custody, care, and control of her two children, to wit, Artie and James" (the deceased), and the father was enjoined from interfering therewith.

This suit was brought against the railroad company by the duly appointed administrator of the estate of James L. Ogle, deceased, and for the benefit of the mother.

[1] Under the statutes of Tennessee, as construed by the Supreme Court of that state, before there can be a recovery for a wrongful death, there must be a legal beneficiary, and the suit must be brought for his or her benefit. Atlanta, K. & N. Ry. Co. v. Hooper (C. C. A. 6) 92 F. 820, 35 C. C. A. 24.

The railroad company's first assignment of error is based upon the claim that under the statutes of the state of Tennessee the father, if living, of a person dying intestate and leaving neither husband nor wife nor children, is the legal beneficiary, and hence that a suit for the benefit of the mother of such deceased person cannot be maintained. Section 2429 of the Tennessee Code of 1858 is as follows:

"Sec. 2429. The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows:

"1. To the widow and children, or the descendants of children representing them, equally, the widow taking a child's share.

"2. To the widow altogether, if there are no children nor the descendants of children.

"3. To the children, or their descendants, in equal parts, if there is no widow; the descendants taking, in equal parts, the share of their deceased parent.

"4. If no children, to the father.

"5. If no father, to the mother, and brothers, and sisters, or the children of such brothers and sisters representing them equally; the mother taking an equal share with each brother and sister.

"6. If no brothers and sisters or their children, exclusively to the mother; if no mother, exclusively to the brothers and sisters, or their children representing them.

"7. If no mother, brothers or sisters, or their children, to every of the next kin of the intestate, who are in equal degree, equally."

In 1923 the Legislature of the statute of Tennessee sought to amend subsection 4 of section 2429, above quoted, by the enactment of chapter 50 of the Acts of that year, the title and material provisions of which are as follows:

"An act to be entitled 'An act to amend section 2429, subsection 4, of the Code of Tennessee of 1858.'

"Section 1. Be it enacted by the General Assembly of the state of Tennessee, that section 2429 of the Code of Tennessee of 1858, and subsection 4 thereof, be amended so that said subsection 4 of said section 2429 shall read as follows:

"'If no children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them; provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent.'"

The contention of the railroad company is that the statute of 1923 is unconstitutional, in that it offends against article 2, section 17, of the Tennessee Constitution which is as follows:

"Bills may originate in either house; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, or revise or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revised or amended."

The specific claim here made is that, while the title of the amendatory act relates solely to subsection 4 of section 2429 of the Code of 1858, and does not refer in any way to subsections 5 and 6 of the original statute, the provisions of the body of the act necessarily modify, amend or repeal subsections 5 and 6. The trial court sustained the validity of the amendatory act, but, in so doing, based its decision upon the doctrine of Elison which, in some cases, seems to have been recognized and sanctioned by the courts of Tennessee. We do not find it necessary to determine whether the Elison doctrine can be invoked to save the statute here under consideration, for the reason that, in our opinion, there are other and better grounds for holding the law constitutional.

[2] It cannot be claimed that the act of 1923, in and of itself or in and by its express terms, violates the provisions of the state Constitution above quoted. If the necessary effect of the amendatory act is either to amend or to repeal subsections 5 and 6 of the original statute, such amendment or repeal is by implication and not by express language. "A statute perfect in itself may repeal another law or part of a law by implication, although such repeal is not express-

ed in the title of the repealing statute."
Black's Constitutional Law, 385.

[3] The general rule upon this subject is clearly stated and, in support thereof, many authorities are cited in Southern Pacific Co. v. Bartine (C. C.) 170 F. 725–737:

"Where a statute by implication amends or repeals a former law, such repeal is the effect and not the subject of the statute; and it is the subject, not the effect of a law, which is required to be expressed in its title. If the necessary effect of the statute is to repeal previous legislation on the same subject, it does no violence to the Constitution by failing to express specifically such repeal in its title. 1 Lewis' Sutherland, Stat. Constr., pp. 223, 224; Cooley, Const. Lim. (7th Ed.) p. 208; People v. Mahaney, 13 Mich. 481, 494; Timm v. Harrison, 109 Ill. 593, 596; City of Winona v. School Dist., 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. Rep. 687; Gabbert v. Jeffersonville R. R. Co., 11 Ind. 365, 71 Am. Dec. 358; Yellow River Implement Co. v. Arnold, 46 Wis. 214, 232, 49 N. W. 971; Union Trust Co. v. Trumbull, 137 Ill. 146, 27 N. E. 24; Crookston v. Bd. of Co. Comrs., 79 Minn. 283, 82 N. W. 586, 79 Am. St. Rep. 453, 454, 480."

See, also, 25 R. C. L. 868, 36 Cyc. 1073, and authorities there collected.

This rule has been approved and applied repeatedly by the Supreme Court of Tennessee. Maney v. State, 6 Lea, 218–221; Home Ins. Co. v. Taxing Dist., 4 Lea, 644–652; Poe v. State, 85 Tenn. 495, 501, 3 S. W. 658; Railroads v. Crider, 91 Tenn. 489, 507, 19 S. W. 618; Henley v. State, 98 Tenn. 665–707, 41 S. W. 352, 1104, 39 L. R. A. 126; Railroad v. Railway, 116 Tenn. 500–513, 95 S. W. 1019; State v. Taylor, 119 Tenn. 229–253, 104 S. W. 242; Railroad v. Memphis, 126 Tenn. 267–291, 148 S. W. 662, 41 L. R. A. (N. S.) 828, Ann. Cas. 1913E, 153.

[4] The only other assignment of error which is pressed in this court relates to the refusal of the trial court to direct a verdict in favor of the defendant railroad company upon the alleged grounds: First, that Ogle and the driver of the automobile in which he was riding did not exercise the care and caution which the law requires of all persons in approaching and crossing railroad tracks, and, hence, were guilty of negligence which contributed directly and proximately to his death and thus precluded recovery; and,

second, that there was no competent evidence tending to establish the negligence of the defendant alleged in the second or so-called statutory count of the declaration.

No extended discussion of the questions so presented is necessary. The circumstances and conditions surrounding this accident were unusual and exceptional. A carnival was in progress near the railroad crossing where the accident occurred. A crowd of 75 to 100 people were walking in the street alongside of the automobile. There was much noise and confusion. The street was a much-traveled thoroughfare, and, at the place where the accident occurred, crossed nine railroad tracks, of which the first six were switch tracks and the next three main line tracks. As Ogle and his companion approached these railroad tracks they were immediately behind a street car going in the same direction. Two switch engines, with glaring lights both at the front and at the rear, were upon the crossing, blocking traffic. A number of box cars were standing upon the switch tracks on both sides of the street. The street car stopped before crossing the nearest railroad track; the conductor went ahead and across all of the tracks; and, after the switch engines had moved to either side of the street, the conductor signaled to the motorman to come forward. The street car proceeded, and the automobile followed closely after the car. The street car had barely crossed the last of the tracks, when a freight train running at an unlawful rate of speed upon that track struck the forward end of the automobile in which Ogle was riding, and he was hurled from the automobile and instantly killed.

Witnesses testified that, while the approaching train could be seen for some distance, it was almost impossible to determine upon which track it was located, whether it was standing or in motion, and whether it was a through or switching train. Without going more into detail, it is sufficient to say that the evidence, both direct and circumstantial, required the submission of the question of Ogle's contributory negligence to the jury.

This conclusion renders unnecessary any consideration of the sufficiency of the evidence to warrant a recovery under the second or so-called common-law count of the declaration.

The judgment is affirmed.