JACOBSON, Petitioner, v. NELSON, et al, Appellants

(24 N. W.2d 332)

(File No. 8890. Opinion filed October 2, 1946.)

**Everett A. Bogue,** of Vermillion, for Petitioner.

**George T. Mickelson,** Atty. Gen., **E. D. Barron,** Asst. Atty. Gen:, and **Harold Dwyer,** State's Atty., of Vermillion, for Respondent.

RUDOLPH, P.J. This is an original proceeding in mandamus wherein petitioner seeks to compel the county auditor of Clay County to file in his office a certain nominating petition purporting to nominate the petitioner for the office of county commissioner from the third commissioner district of Clay County and to place the name of said petitioner upon the ballot at the regular 1946 general election as an independent candidate for said office. No question is raised as to the form or sufficiency of the petition. The single question presented is whether the petition was offered for filing within the time limits prescribed by law. The petition was

tendered to the county auditor on September 11, 1946. The 1946 general election occurs on November 5, 1946. SDC 16.0502, relating to the time for filing certificates of nomination by independent candidates, provides that in the case of a county office the petition shall be filed with the county auditor not less than forty days before the date fixed for such election. The Special Session of the 28th Legislature in providing for absent voting for members of the armed forces enacted Ch. 2, Special Session, Laws of 1944. Sec. 6 of this 1944 law provides as follows:

"Certificates of nomination of independent candidates and nominations by party committees to fill vacancies shall be filed at least ninety days before the date of the general election * * *."

If the provisions of this 1944 law govern, it is apparent the petition was not tendered to the county auditor within the time fixed, and the auditor properly refused the petition.

Petitioner contends that the 1944 Act, at least so far as it is here concerned, is unconstitutional in that it violates Section 21 of Article 3 of the Constitution of this state which provides:

"No law shall embrace more than one subject, which shall be expressed in its title."

The title of Ch. 2, Laws of 1944, is as follows:

"An Act Entitled, An Act Authorizing and Prescribing a Method of Voting at General Elections by Qualified Electors Who Are Absent from the State of South Dakota on Election Day and Who Are Serving in the Merchant Marine of the United States or Who Are Engaged in the Naval or Military Service of the United States, or Other Service Auxiliary Thereto, and Declaring An Emergency."

We think it obvious, and no contrary contention is made, that the subject of the act as expressed in its title is single; it authorizes and prescribes a method for absent voting by members of the armed forces. The attack of petitioner is based upon the contention that the change in the time provided for the filing of petitions by independent candidates by Section 6 constitutes a repeal or amendment of

prior law and is not germane to the subject of the act as expressed in the title.

■ Since the decision by this court in the case of State v. Morgan, 2 S. D. 32, 48 N. W. 314, 315, this court has adhered to the rule as stated in that case as follows:

"When the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably included in it, and all measures which will or may facilitate the accomplishment of the purpose, are germane to its title."

■ Essential to providing a method of voting by members of the armed forces stationed in all parts of the world, is having ballots printed in time to allow being sent to and returned from these distant points. Section 4 of the act provides that the county auditor shall have printed and in his possession, not later than seventy days prior to the day on which the general election is held, a sufficient number of official ballots for such absent voters of his county. Ballots cannot be printed until the candidates whose names are to appear thereon are finally determined. It follows, we believe, that fixing the time for the filing of petitions by independent candidates, which is an essential to the make-up of the ballot, is germane to providing a method for absent voting by members of the armed forces.

■ It, perhaps, should be noted that the present act does not specifically amend some prior statute or act. Such being the case, there is nothing which requires that the subject of this act be kept within the subject or title of an original act. See Metropolitan Casualty Ins. Co. of New York v. Basford, 31 S. D. 149, 139 N. W.795. A statute which by implication repeals or amends a law inconsistent therewith need not refer to such repeal or amendment in its title. The general rule upon this subject is clearly stated, and in support thereof many authorities are cited in Southern Pacific Co. v. Bartine, C. C., 170 F. 725, 737:

"Where a statute by implication amends or repeals a former law, such repeal is the effect and not the subject of the statute; and it is the subject, not the effect of a law, which is required to be expressed in its title. If the neces-

sary effect of the statute is to repeal previous legislation on the same subject, it does no violence to the Constitution by failing to express specifically such repeal in its title. 1 Lewis' Sutherland, Stat. Constr., pp. 223, 224; Cooley, Constr. Lim. (7th Ed.) p. 208; People ex rel. Drake v. Mahaney, 13 Mich. 481, 494; Timm v. Harrison, 109 Ill. 593, 596; City of Winona v. School Dist. No. 82, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. Rep. 687; Gabbert v. Jeffersonville R. Co., 11 Ind. 365, 71 Am. Dec. 358; Yellow River Implement Co. v. Arnold, 46 Wis. 214, 232, 49 N. W. 971; Union Trust Co. v. Trumbull, 137 Ill. 146, 27 N. E. 24; City of Crookston v. Board of Com'rs, of Polk County, 79 Minn. 283, 82 N. W. 586, 79 Am. St. Rep. 453, 454, 480."

See also 50 Am. Jur. Statutes, § 209; Western & A. R. Co. v. Hughes, 8 Cir., 8 F.2d 835.

In this case as in the Minnesota case of City of Winona v. School Dist. No. 82, 40 Minn. 13, 41 N. W. 539, 540, every provision of the act is germane to the subject expressed in the title. In this last cited case the Minnesota court said:

"Every provision in that act is germane to the subject expressed in the title. If it repeals or alters any other act, it is by implication, because of repugnancy or inconsistency. If the title of an act embraces only one subject, we apprehend it was never claimed that every other act which it repeals or alters by implication must be mentioned in the title of the new act. Any such rule would be neither within the reason of the constitution nor practicable. It would compel the legislature in every instance to search the entire body of our statute law to ascertain what acts might be inconsistent with or repugnant to the provisions of the proposed act,— a work, in many cases, so difficult as to amount to an impossibility."

The alternative writ of mandamus issued herein is dismissed.

All the Judges concur.