437 S.E.2d 589

**STATE of West Virginia ex rel. PUBLIC SERVICE COMMISSION of West Virginia; Boyce Griffith In His Capacity As Chairman of the Public Service Commission; Otis B. Casto and Richard D. Frum, In Their Respective Capacities As Commissioners of the Public Service Commission of West Virginia; West Virginia Health Care Cost Review Authority; Larry C. Fizer, In His Capacity As Chairman of the West Virginia Health Care Cost Review Authority; Robert F. Hatfield, In His Capacity As Member of the Board of the West Virginia Health Care Cost Review Authority; Harry Camper, In His Capacity As the Alcohol Beverage Control Commission-**

**er; Edward Hamrick, In His Capacity As the Director of the West Virginia Division of Natural Resources; John Brown, In His Capacity As the Commissioner of the West Virginia Division of Tourism and Parks; Thomas Kirk, In His Capacity As the Superintendent of the West Virginia Division of Public Safety; and Hanley Clark, In His Capacity As the Insurance Commissioner of West Virginia, Petitioners,**

v.

**Glen B. GAINER III, State Auditor, and Larrie Bailey, State Treasurer, In Their Respective Official Capacities, Respondents.**

No. 21852.

*Supreme Court of Appeals of West Virginia.*

Oct. 19, 1993.

Kisamore, we do not need to reach a decision as to whether she can inherit from Elmer Kisamore.

Richard E. Hitt, Charleston, for PSC & Members.

Marianne K. Stonestreet, Charleston, for HCCRA, Larry Fizer, and Robert F. Hatfield.

B. Keith Huffman, Charleston, for Hanley Clark.

Harry Camper, Edward Hamrick, John Brown, Thomas Kirk, pro se.

## PER CURIAM:

Petitioners, various state agencies and statutory administrators, filed a writ of mandamus against the State's Auditor and Treasurer, seeking to have House Bill 2120 declared unconstitutional on the grounds that it contains more than one subject, neither of which is related to the other. Because we determine that House Bill 2120, which contained, inter alia, the 1993 amendments to West Virginia Code § 6–7–2a, violates the constitutional prohibition against including more than one subject in a bill, we grant the requested writ of mandamus.

House Bill 2120, which became effective on July 9, 1993, amended and reenacted three separate provisions of the West Virginia Code. Only one of the three statutory amendments is at issue here. That statute, West Virginia Code § 6–7–2a, which provides for the appointment, qualifications, and salaries of numerous state officers, was amended in only one respect—to increase the salary of the Commissioner of the Department of Motor Vehicles ("DMV") from $40,000 to $55,000 per annum.[1] Petitioners were not being compensated pursuant to the rates set forth in West Virginia Code § 6–7–2a, however, as each of their salaries was set forth at higher amounts in those portions of the West Virginia Code that address their respective powers and duties.[2] In contrast, the DMV's salary is not included in any statute other than West Virginia Code § 6–7–2a.

Before the enactment of the 1993 amendments to West Virginia Code § 6–7–2a, the Petitioners were receiving higher salaries than those originally set by West Virginia Code § 6–7–2a as the result of salary increases legislated through the more specific statutes. See supra note 2. Because Respondents took the position that the 1993 amendments to West Virginia Code § 6–7–2a had the effect of reducing the Petitioners' salaries, Petitioners were compensated at the reduced rates set forth in West Virginia Code § 6–7–2a for the pay period of August 1, 1993, through August 16, 1993.[3]

This Court first addressed the "one subject" rule in syllabus point 5 of *Simms v. Sawyers*, 85 W.Va. 245, 101 S.E. 467 (1919), stating that, "[a]n act of the legislature embracing two separate and distinct subjects of legislation, both of which are expressed in the title, is void in toto." This rule arises from the constitutional prohibition set forth in article VI, § 30 which states that: "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title." W.Va. Const. art. VI, § 30.

---

1. In addition to granting a salary increase to the DMV Commissioner, House Bill 2120 amended West Virginia Code § 17A–3–14 (1991 & Supp. 1993), which deals with regular and special license plates and fees. House Bill 2120 also amended West Virginia Code § 17A–10–14 (1991 & Supp.1993), which relates to special registration plates for amateur radio station operators.

2. *See, e.g.,* W.Va.Code § 24–1–3 (1992 & Supp. 1993) (setting salary of Public Service Commission chairman and commissioners); W.Va.Code § 16–29B–5 (1991 & Supp.1993) (setting salary of chairman and board members of West Virginia Health Care Cost Review Authority).

3. Pursuant to this Court's order entered on August 31, 1993, the Auditor retroactively restored Petitioners to the higher salaries that they had been receiving prior to the 1993 amendments to West Virginia Code § 6–7–2a.

In *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993), this Court recently discussed the historical basis for the "one subject" rule:

'The primary and universally recognized purpose of the one-subject rule is to prevent log-rolling in the enactment of laws— the practice of several minorities combining their several proposals as different provisions of a single bill and thus consolidating their votes so that a majority is obtained for the omnibus bill where perhaps no single proposal of each minority could have obtained majority approval separately.

Another stated purpose for the provision is to prevent "riders" from being attached to bills that are popular and so certain of adoption that the rider will secure adoption not on its own merits, but on the merits of the measure to which it is attached. This stratagem seems to be but a variation of log-rolling.

Another purpose served by the one-subject rule is to facilitate orderly legislative procedure. By limiting each bill to a single subject, the issues presented by each bill can be better grasped and more intelligently discussed.'

*Id.* at 409, 432 S.E.2d at 79 (quoting Millard H. Ruud, *No Law Shall Embrace More Than One Subject,* 42 Minn.L.Rev. 389, 391 (1958) (footnotes omitted)).

In their response to the petition, the Respondents admit that House Bill 2120 does indeed violate the "one subject" rule. Accordingly, we need not address the issue of unconstitutionality other than to determine the effect of such a constitutional violation. As this Court explained in *Simms,*

Having come to the conclusion that the constitutional provision invoked here is mandatory, and that the act in question violates that provision, can any of the provisions of this act stand? It will be noticed that both of the subjects of legislation covered by the act are included within its title. If the title only embraced one particular subject of legislation and the act was broader than the title, including an additional subject, under the constitutional provision invoked, so much of the act as was not covered by the title would be void, and that part of it included within the title would be valid, *but where the title includes both subjects of legislation embraced in the act, the whole act must fall for the very sufficient reason that it is improper for the Court to choose between the two.*

85 W.Va. at 255–56, 101 S.E. at 472 (emphasis supplied). Respondents request that we nullify only that part of House Bill 2120 that results in salary decreases for the Petitioners. As we stated in *Simms,* this Court does not have the right to choose which part of the bill should be struck and which part should be upheld. *Id.* Accordingly, the entire bill must be void in its entirety.

Based on the foregoing reasons, the requested writ of mandamus is granted and House Bill 2120 is hereby declared to be void in toto.

Writ granted.